UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JAMES ORAND SUTHERLIN**                                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:20-CV-P193-JHM**

**TAMBERLY L. MCCOY** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983.  The Court has granted Plaintiff James Orand Sutherlin leave to proceed *in forma pauperis*.  This matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will allow Plaintiff the opportunity to amend the complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC).  He brings this action against Dr. Tamberly L. McCoy and the "Medical Subordinates of Dr. [] McCoy," whom Plaintiff identifies as "Nurses and Assistants."   He sues these Defendants in both their official and individual capacities.

Plaintiff's allegations against these Defendants are, *in toto*, as follows:

The defendants with deliberate indifference repeatedly denied me medical treatment.  By the negligence and incompidence of the poorly trained medical staff. I arrived at [DCDC] on 6-24-20.  Previously having operation on my left patella on 5-3-20 after car wreck.  Still under Doctor David Milani care.  Why the delay in my relief, because I've almost gave up on the people of the world.  When I bring what is true and just to them, they say I'm wrong.  So with all do respect and your guidance I have faith that the United States District Court will protect my rights as a citizen of America.  [Defendant] McCoy at the [DCDC] was being very argumentative []on serious[s]ly and several occasion . . . .

Clearly you can see my left knee is need to medical attention.  It still hurts and I have to walk on it anyways.  I deal with the pain cause I don't want to numb the

reality of the truth. Then I would be addicted to pain medicines. So I'm subjected to cruel and unusual punishment and violating my right to medical treatment. My safety is being violated also. I don't know all my rights, but I know there being violated.

GOD Bless to all. Dr. McCoy's Subordinates seem to be on her side meaning they want to do as less work as possible. That's why I have listed them. There input matters. The doctor comes in once week to make orders and that's it. The Subordinates do the rest.

As relief, Plaintiff seeks damages and that Defendant McCoy be ordered to complete anger management classes "to be able to continue to practice as medical Doctor."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

While the "Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment [,] [t]he Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). Thus, the Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The objective component "requires the existence of a sufficiently serious medical need" - that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895, 897 (6th Cir. 2004) (quotation marks, emphasis, and citation omitted).

The subjective component requires that the plaintiff show that the official acted with "a sufficiently culpable state of mind" - that is, one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (quotation marks and citations omitted). The Sixth Circuit has also noted that in the context of deliberate indifference claims:

---

[1] At this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *See, e.g.*, *Richmond v. Huq,* 885 F.3d 928, 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need).

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Furthermore, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

The Court finds that Plaintiff's allegations of the denial of medical care are too vague and conclusory to state a claim under this standard. Although Plaintiff alleges that he had surgery on his left knee shortly before his incarceration, he does not allege how Defendant McCoy or her "subordinates" failed to adequately treat any medical need stemming from this surgery. More specifically, Plaintiff fails to make any allegations which indicate that Defendant McCoy and/or her subordinates knew of and disregarded an "an excessive risk to [Plaintiff's] health or safety" in their alleged lack of treatment of Plaintiff's knee.

Prior to dismissing this action, however, the Court will allow Plaintiff the opportunity to amend his complaint to specifically describe how he claims Defendant McCoy and/or her "subordinates" acted with deliberate indifference to his serious medical need. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV.  ORDER

**IT IS ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he describes how each Defendant was deliberately indifferent to his serious medical need**.  In the amended complaint, Plaintiff should 1) describe the treatment he sought from Defendant McCoy for his knee; 2) describe how Defendant McCoy either wrongfully treated or failed to treat his knee; and 3) describe how Defendant McCoy's actions allegedly caused Plaintiff serious harm or put him at substantial risk for such harm.  Plaintiff may also 1) name as Defendants any other individuals who were deliberately indifferent to his knee condition; 2) describe each newly named Defendant's allegedly wrongful actions; 3) sue these Defendants in their individual capacities; and 4) complete a summons form for newly named Defendant.[2]  Plaintiff may also file copies of any grievances or medical requests he may have filed at DCDC.

**The Court will conduct an initial review of the amended complaint** pursuant to 28 U.S.C. § 1915A.  **Should Plaintiff fail to file an amended complaint within the allotted amount of time, this action will be dismissed** pursuant to 28 U.S.C.  § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.**

---

[2] Regarding the completion of summons forms, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number written in the caption. The Clerk of Court shall also send Plaintiff three blank summons forms with the instant case number.

Date: November 16, 2020

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant McCoy
     Daviess County Attorney
4414.011